IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Jacob F. Murray, ) | |
| ) | Civil Action No. 3:07-1744-GRA-JRM |
| Petitioner, ) | |
| ) | |
| vs. ) | |
| ) | |
| ) | |
| Elaine C. Robinson, Warden, ) | **REPORT AND RECOMMENDATION** |
| ) | |
| Respondent. ) | |
| ) | |

Petitioner, Jacob F. Murray ("Murray"), filed a petition for a writ of habeas corpus on June 25, 2007, pursuant to 28 U.S.C. § 2254.[1]  At that time, he was an inmate at the South Carolina Department of Corrections serving a sentence of fifteen years imprisonment, suspended to service of eight years followed by five years of probation for burglary, with concurrent sentences for malicious injury to personal property and stalking.[2]  Murray filed a motion for summary judgment on August 22, 2007, and motions to "compel judgment" based on respondent's delay in responding to his petition on September 28, 2007 and October 6, 2007.  Respondent filed a return and motion for summary judgment on November 16, 2007, supported by copies of portions of the state court record.  Because Murray is pro se, an order pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), was issued on November 30, 2007, advising him of his responsibility to respond to the motion for summary judgment.  Petitioner filed his response in opposition on January 8, 2008.

---

[1]The case was automatically referred to the undersigned pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02 (B)(2)(c), DSC.

[2]Murray advises that he was released from SCDC and began the probationary portion of his sentence in December of 2007.

**Procedural History**

Murray was charged with breaking into the residence of his former girlfriend and ransacking the premises. He was convicted by a jury. No direct appeal was filed.

Murray filed an application for post-conviction relief in the Court of Common Pleas for Clarendon County on August 16, 2004. (App. 258). He filed an amendment to the application prior to the hearing. (App. 269). The evidentiary hearing at which Murray appeared and testified was held on October 6, 2005. He was represented by Ceth Land. (App. 281). The PCR Court issued its over denying the application on March 17, 2006 (Supp. App. 1). Murray's motion for reconsideration was denied on March 28, 2006. (App. 315).

A petition for writ of certiorari was filed through the South Carolina Office of Appellate Defense raising the following issues.

1. Did petitioner enter a voluntary waiver of his right to testify at trial?

2. Did the PCR court err in denying petitioner's allegation that he did not voluntarily and intelligently waive his right to a direct appeal when counsel failed to file for an appeal on the ground that an appeal bond would not be granted in the case?

3. Did counsel err in failing to call favorable witnesses (alibi) on behalf of the defense to testify at trial?

(Res. Mem., Ex. 4). An amended petition was filed. (Res. Mem., Ex. 7). Murray filed a motion to relieve the South Carolina Office of Appellate Defense. (Res. Mem., Ex. 8). It was denied by the Supreme Court on April 10, 2007. (Res. Mem., Ex. 9). Murray then filed a "Petition for Extraordinary Writ to Hear on Issue of Violation of Petitioner's USCA 14th Amendment Claim against Appointed Counsel for Writ of Certiorari." (Res. Mem., Ex. 10). Murray's petitions were

denied by order of the South Carolina Supreme Court dated June 6, 2007. (Res. Mem., Ex. 11). The Remittitur was returned on June 22, 2007. (Res. Mem., Ex. 12).[3]

## **Grounds for Relief**

In his present petition, Murray asserts that he is entitled to a writ of habeas corpus on the following grounds:

Ground one:   Trial counsel failed to investigate and failed to allow petitioner to review discovery to prepare for trial.

Supporting facts:   Trial counsel did not request discovery materials to prepare a defense for trial and only relied on the sheriff's report of alleged interview or alibi witnesses. Court records reveal no motion for discovery filed or received by trial counsel. Discovery material was given to trial counsel at trial.

Ground two:   Trial counsel failed to establish alibi defense and failed to present alibi witnesses at trial.

Supporting facts:   Trial counsel was aware of alibi defense witnesses and their written statements and failed to hold the prosecution to discovery requirements. Counsel failed to issue three (3) subpoenas for alibi witnesses.

Ground three:  Trial counsel failed to file direct appeal.

Supporting facts:   Trial counsel was asked to file a direct appeal on petitioner's behalf at the end of trial and failed to file.

Ground four:   Appointed counsel for Writ of Certiorari violated petitioner's USCA 14th Amendment due process right.

Supporting facts:   Counsel for writ of certiorari failed to present Federal claims of ineffective assistant of trial counsel and haphazardly acted as amicus curae in handling petitioner's case.

---

[3]Murray filed a second PCR on July 30, 2007. (Res. Mem., Ex. 13). That matter appears to remain pending in state circuit court.

**Discussion**

Since Murray filed his petition after the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), review of his claims is governed by 28 U.S.C. § 2254(d), as amended. Lindh v. Murphy, 521 U.S. 320 (1997); Breard v. Pruett, 134 F.3d 615 (4th Cir.), *cert. denied,* 521 U.S. 371 (1998) and Green v. French, 143 F.3d 865 (4th Cir. 1998), *cert. denied*, 525 U.S. 1090 (1999). That statute now reads:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim--(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

The United States Supreme Court has addressed procedure under § 2254(d). See Williams v. Taylor, 529 U.S. 362 (2000). In considering a state court's interpretation of federal law, this court must separately analyze the "contrary to" and "unreasonable application" phrases of § 2254(d)(1).

> A state-court decision will certainly be contrary to [the Supreme Court's] clearly established precedent if the state court applies a rule that contradicts the governing law set forth in [Supreme Court] cases .... A state- court decision will also be contrary to this Court's clearly established precedent if the state court confronts a set of facts that are materially indistinguishable from a decision of [the Supreme] Court and nevertheless arrives at a result different from [the Court's] precedent.
>
> * * *
>
> [A] state-court decision involves an unreasonable application of [the Supreme] Court's precedent if the state court identifies the correct governing legal rule from this Court's cases but unreasonably applies it to the facts of the particular state prisoner's case. Second, a state-court decision also involves an unreasonable application of [the] Court's precedent if the state court either unreasonably extends a legal principle from [Supreme Court]

> precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply.

Id. at 1519-20. Ultimately, a federal habeas court must determine whether "the state court's application of clearly established federal law was objectively unreasonable." Id. at 1521.

Murray asserts that his trial attorney was ineffective in failing to properly investigate his case and in failing to file a direct appeal. He also asserts that his PCR appellate attorney was ineffective.

The Sixth Amendment to the United States Constitution guarantees a defendant the right to effective assistance of counsel in a criminal prosecution. McMann v. Richardson, 397 U.S. 759, 771 n.14 (1970). In the case of Strickland v. Washington, 466 U.S. 668 (1984), the United States Supreme Court set forth two factors that must be considered in evaluating claims for ineffective assistance of counsel. A petitioner must first show that his counsel committed error. If an error can be shown, the court must consider whether the commission of an error resulted in prejudice to the defendant.

To meet the first requirement, "[t]he defendant must show that counsel's representation fell below an objective standard of reasonableness." Strickland, at 688. "The proper measure of attorney performance remains simply reasonableness under prevailing professional norms." Turner v. Bass, 753 F.2d 342, 348 (4th Cir. 1985) quoting Strickland, *reversed on other grounds*, 476 U.S. 28 (1986). In meeting the second prong of the inquiry, a complaining defendant must show that he was prejudiced before being entitled to reversal. Strickland requires that:

> [T]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome.

\* \* \*

5

> [A] court deciding an actual ineffectiveness claim must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct. . . the court must then determine whether, in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance. (Emphasis added).

Strickland at 694-95.

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a federal habeas court must determine whether the state court's decision "was contrary to, or involved an unreasonable application of clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1). The court's analysis should center on whether the state courts properly applied the Strickland test. See Williams v. Taylor, 529 U.S. 362 (2000). ("Strickland test provides sufficient guidance for resolving virtually all ineffective assistance of counsel claims.")

1.   Failure to Investigate

An attorney has a duty to make a reasonable factual and legal investigation to develop appropriate defenses. Sneed v. Smith, 670 F.2d 1348 (4th Cir. 1982). The reasonableness of the investigation is evaluated by the totality of the circumstances facing the attorney at the time. Bunch v. Thompson, 949 F.2d 1354 (4th Cir. 1991), *cert. denied*, 505 U.S. 1230 (1992). The Courts recognize limits to investigation based on time, resources, and relevance and conclude that "Strickland does not impose a constitutional requirement that counsel uncover every scrap of evidence that could conceivably help their client." Green v. French, 143 F.3d 865, 892 (4th Cir. 1998), *abrogated on other grounds* by Williams v. Taylor, 529 U.S. 362 (1998). A decision not to investigate a particular avenue of defense is assessed by the same standard of "reasonableness in all the circumstances" by which an attorney's performance is measured in other areas. Strickland, 466

U.S. 690-91.  A petitioner asserting a claim of ineffectiveness of counsel in failing to investigate must make a showing that the failure was prejudicial.  Generally, the failure to investigate and present a potential alibi witness supports a claim of ineffective assistance of counsel.  However, at the PCR hearing, the petitioner must present evidence establishing what the witness would have said at trial.  Bassette v. Thompson, 915 F.2d 932 (4th Cir. 1990), *cert. denied*, 499 U.S. 982 (1991).

First, Murray asserts that his trial attorney was ineffective because he did not file discovery motions.  The PCR court addressed this issue along with several other claims of failure to investigate.  The court credited the testimony of trial counsel and found that counsel did "file a Rule 5/Brady Motion in this case and received all the discovery."  Murray has not shown what evidence further investigation would have revealed.  The undersigned concludes that the PCR court properly applied the Strickland standard to this issue.

In any event, this ground is procedurally barred because it was not raised in the petition for writ of certiorari following denial of the PCR.  Murray's argument that default should e excused based on the ineffectiveness of his PCR appellate counsel is without merit.  See discussion below.

Murray also asserts that his trial counsel was ineffective because he did not investigate three alibi witnesses and subpoena them for trial.  This claim was addressed by the PCR court (Supp. App. 5) and raised in the petition for writ of certiorari filed in the South Carolina Supreme Court. (Res. Mem., Ex. 4).  Murray did not present testimony from his proposed alibi witnesses during the evidentiary hearing.  The PCR court credited counsel's testimony that "he spoke with all of the witnesses that Applicant had given to him and that none of these witnesses had anything useful or helpful to testify to at Applicant's trial." (Supp. App. 5).

The South Carolina courts properly applied the Strickland test to this claim.

7

2.      Failure to Appeal

The right to effective assistance of counsel extends to direct appeal. <u>Pennsylvania v. Finley</u>, 481 U.S. 551, 559 (1987). The <u>Strickland</u> standard is used to evaluate whether counsel was constitutionally deficient for failing to file a notice of appeal. <u>Roe v. Flores-Ortega</u>, 528 U.S. 470 (2000) and <u>Frazier v. South Carolina</u>, 430 F.3d 696, 704-705 (4th Cir. 2005). "To establish a Sixth Amendment violation based upon counsel's failure to appeal, [the petitioner] must prove that (1) counsel was ineffective, and (20 a reasonable probability that, but for counsel's ineffectiveness, an appeal would have been filed." <u>United States v. Witherspoon</u>, 231 F.3d 923, 926 (4th Cir. 2000) (citing <u>Roe</u>, 528 U.S. at 477-83).

If counsel has consulted with the defendant, the failure to file an appeal is deficient only if it contradicts the defendant's instructions to appeal. <u>Roe</u>, 528 U.S. at 478. In the absence of a direct instruction from a defendant to appeal, the question of whether counsel's failure to appeal is constitutionally deficient depends upon "whether counsel in fact consulted with the defendant about an appeal." <u>Roe</u>, 528 U.S. at 478. If counsel has failed to consult, the court must consider whether "this failure constitutes deficient performance. In doing so, a court should consider whether "(1) ... a rational defendant would want to appeal (for example, because there are non-frivolous grounds for appeal); [and] (2) ... [whether] this particular defendant reasonably demonstrated to counsel that he was interested in appealing." Id. at 480. If the court determines that counsel's performance was deficient, the court must then determine whether the defendant was prejudiced thereby. To demonstrate prejudice, "a defendant must demonstrate that there is a reasonable probability that, but for counsel's deficient failure to consult with him about an appeal, he would have timely appealed." <u>Roe</u>, 528 U.S. at 482.

The PCR court found that Murray and his trial counsel discussed the possibility of direct appeal. The court credited counsel's testimony that "Applicant informed him that Applicant did not want to appeal because he would not get out of jail on an appeal bond." (Supp. App., 6). Thus, the PCR court found as fact that Murray and counsel discussed a direct appeal, but that Murray decided he did not want to pursue it absent his release pending appeal. The PCR court correctly applied the Strickland standard to this claim.

3.     PCR Appellate Counsel

As noted above, Murray moved to have the South Carolina Office of Appellate Defense relieved from its representation because counsel failed to file a complete appendix which he believes led to prejudice in his case. (Res. Mem., Ex. 8). The motion was denied. (App. 9). Murray then filed a petition in the Supreme Court seeking "a panel review and ruling on his motion to relieve counsel." (Res. Mem., Ex. 10). Murray now asserts that his PCR appellate counsel was ineffective.

The Sixth Amendment does not create a right to counsel in proceeding to collaterally attack state convictions, and during appeals therefrom. Coleman v. Thompson, 401 U.S. 722 (1991) Under the AEDPA, "(t)he ineffectiveness or incompetence of counsel during...State collateral post-conviction proceedings shall not be a ground for relief in a proceeding arising under section 2254." See 28 U.S.C. § 2254(I). Murray's claim, even if proven, that his attorneys were ineffective in representation on appeal from denial of his PCR, would not entitled him to relief or constitute cause for procedural default.

## **Conclusion**

Based on a review of the record, it is recommended that petitioner's motions for summary judgment and to compel judgment be denied, and that respondent's motion for summary should be granted.

Respectfully submitted,

Joseph R. McCrorey
United States Magistrate Judge

February 5, 2008

Columbia, South Carolina

**The parties' attention is directed to the important information on the attached notice.**

10

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).